UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-12125-GAO

MOHAMED EDRISS,
Plaintiff,

v.

RON PRAY EQUIPMENT SALES, INC.,
Defendant.

OPINION AND ORDER
September 27, 2010

O'TOOLE, D.J.

The plaintiff, Mohamed Edriss, an individual residing in Massachusetts, brought suit in Suffolk Superior Court against Ron Pray Equipment Sales, Inc., a Texas corporation with its principal place of business in Texas. The dispute arises out of the plaintiff's attempt to purchase a crane from the defendant. The defendant removed the case on the basis of diversity jurisdiction and then moved to dismiss the complaint for lack of personal jurisdiction.

Under Massachusetts law, jurisdiction over a non-resident is appropriate if it is both authorized by the State's long-arm statute and consistent with due process requirements of the United States Constitution. Bond Leather Co., Inc. v. Q.T. Shoe Mfg. Co.Inc., 764 F.2d 928, 931 (1st Cir. 1985). The plaintiff bears the burden of proving the existence of personal jurisdiction. Foster-Miller, Inc. v. Babcock & Wilcox Can., 46 F.3d 138, 145 (1st Cir. 1995). Under the prima facie standard for analyzing a motion to dismiss for want of personal jurisdiction, the plaintiff cannot rely on mere allegations, but rather must offer specific affirmative support for its claim that personal jurisdiction is proper over the non-resident defendant. Boit v. Gar-Tec Prods., Inc.,

967 F.2d 671, 675 (1st Cir. 1992). The Court must accept the plaintiff's sufficiently supported allegations as true. Id.

Because the Massachusetts Supreme Judicial Court has interpreted the Massachusetts long-arm statute as coextensive with the limits permitted by the Constitution, it is appropriate in this case to "sidestep the statutory inquiry and proceed directly to the constitutional analysis." Daynard v. Ness, Motley, Loadholt, Richardson, & Poole, P.A., 290 F.3d 42, 52 (1st Cir. 2002) (citing "Automatic" Sprinkler Corp. of Am. v. Seneca Foods Corp., 280 N.E.2d 423, 424 (1972)). Due process requires "certain minimum contacts" between the non-resident defendant and the forum state such that exercising jurisdiction over the defendant "does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). The First Circuit employs a tripartite analysis to determine whether sufficient contacts exist to maintain a suit over an objecting defendant:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's law and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1089 (1st Cir. 1992).

In this case, the plaintiff has failed to proffer sufficient evidence to demonstrate that the defendant purposefully availed itself of the laws and privileges of Massachusetts such that it could reasonably foresee being hailed into court here. See id. The defendant, which sells and leases heavy construction equipment, advertises in general trade publications and online, but it

does not specifically target any advertising efforts to or actively solicit business from Massachusetts residents. Massachusetts residents are solicited only to the extent that anyone anywhere in the world with access to the internet is solicited. The defendant maintains no offices, employees, agents, sales force, bank accounts, property, or any other assets in Massachusetts. The plaintiff has proffered no evidence that the defendant has ever before sold any products to Massachusetts customers, and the defendant denies ever having done so. Further, it was the plaintiff who initiated contact with the defendant after seeing an online advertisement for the crane, travelled to Texas to examine it, and was to take possession of it in Texas after the purchase. The defendant corresponded to some extent with the plaintiff by telephone and email after the plaintiff's inquiry, but the purpose of the exchanges was to facilitate a sale to be consummated in Texas.

The mere existence of general advertisements on websites and in trade publications of general circulation, without any evidence of direct solicitation of Massachusetts consumers or prior actual purchases by them, is insufficient to show that the defendant purposely availed itself of transacting business in Massachusetts such that it would comport with due process to permit the courts of Massachusetts to exercise personal jurisdiction over the Texas company. Consequently, exercising jurisdiction over the defendant would not be consistent with the due process requirements of the Constitution. The defendant's Motion to Dismiss (dkt. no. 4) is therefore GRANTED, and the action is DISMISSED.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge